IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SILVER JOSE GALINDO, | ) | CV. NO. 11-00601 DAE-KSC |
| | ) | CR. NO. 04-00053 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO WITHDRAW ASSIGNED PROSECUTORS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and supporting and opposing memoranda, the Court DENIES Petitioner's Motion to Withdraw Assigned Prosecutors and Reappoint New Prosecutors to Pending § 2255 Proceedings, and Abey Proceeding Pending Disposition of Motion to Recuse Judge From § 2255 Proceedings. (Doc. # 332.)

BACKGROUND

On April 21, 2008, a jury found Petitioner Silver Jose Galindo ("Petitioner") guilty of four counts of Felon in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); two counts of Possession with Intent to Distribute 5 Grams or More of Methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and two counts of Possession of a Firearm During and in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1).  (Doc. # 256, Doc. # 287.)  On October 6, 2008, this Court sentenced Petitioner to a total of thirty-nine years and two months for those counts.  Petitioner's conviction and sentence were affirmed by the U.S. Court of Appeals on February 25, 2010.  (Doc. # 317.)  The Supreme Court denied Petitioner's petition for a writ of certiorari on October 4, 2010.  (Doc. # 321.)

On October 3, 2011, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Habeas Motion").  ("Habeas Mot.," Doc. # 322-1.)  On October 3, 2011, Petitioner filed a Motion for Recusal of Judge David Alan Ezra ("Motion for Recusal").  (Doc. # 323.)  On October 5, 2011, the Court referred the Motion for Recusal to Chief Judge Mollway and ordered that in the interim the habeas proceeding be stayed.  (Doc. # 324 at 2.)  On October 6, 2011, Chief Judge Mollway assigned the Motion for Recusal to U.S. District Judge Kobayashi.  (Doc. 325.)

On November 7, 2011, Petitioner filed the instant Motion to Withdraw Assigned Prosecutors and Reappoint New Prosecutors to Pending § 2255 Proceedings, and Abey Proceeding Pending Disposition of Motion to Recuse Judge From § 2255 Proceedings ("Motion").  ("Mot," Doc. # 332.)

On November 15, 2011, Judge Kobayashi issued an Order Denying Petitioner's Motion for Recusal of Judge. (Doc. # 335.)

On December 2, 2011, the Government filed a Response in Opposition to Petitioner's Motion to Withdraw Assigned Prosecutors ("Opposition"). ("Opp'n," Doc. # 338.)

On December 2, 2011, Petitioner filed a Notice of Appeal regarding Judge Kobayashi's Order Denying Petitioner's Motion for Recusal of Judge. (Doc. # 339.) On December 7, 2011, the Court issued an Electronic Order staying all proceedings in the action in light of the Notice of Appeal. (Doc. # 341.)

On January 3, 2012, Petitioner filed a Reply to the Government's Opposition to the instant Motion to Withdraw Assigned Prosecutors ("Reply"). ("Reply," Doc. # 345.)

On February 16, 2012, the Ninth Circuit issued an Order dismissing Petitioner's Appeal for lack of jurisdiction. (Doc. # 348.) On February 21, 2012, the Court issued an Order lifting the stay and directing the Government to file a response to Petitioner's motion under 28 U.S.C. § 2255. (Doc. # 349.)

DISCUSSION

I.  Withdrawal of Prosecutors

Petitioner seeks an order that the "assigned prosecutors be withdrawn from [his] pending § 2255 proceeding." (Mot. at 1.) Petitioner references one of his grounds in his § 2255 motion, which accuses prosecutors Darren W.K. Ching ("Ching") and Loretta Sheehan ("Sheehan") of prosecutorial misconduct during his criminal case. Petitioner argues that "Due Process requires that both government prosecutors be withdrawn from the § 2255 proceeding where they are being accused of misconduct" and replaced with new prosecutors. (Mot. at 1–2.)

In his § 2255 Motion, Petitioner specifically contends that his convictions for Counts 9, 10, and 11 of the Third Superseding Indictment were improper because Ching and Sheehan committed prosecutorial misconduct by "vindictively charging" Petitioner in those counts, and engaging in selective prosecution and "pre-indictment delay."[1] (Doc. # 322-2 at 97–99.) According to the Government, Ching was trial counsel with Sheehan and remains the counsel of record in the present case. (Opp'n at 3 n.6.) Sheehan is no longer with the United

---

[1] Petitioner also asserts that Sheehan committed prosecutorial misconduct by interfering with a possible defense witness. (Doc. # 322-2 at 99.)

States Attorney's Office for the District of Hawaii and thus is not representing the Government in this matter. (Id. n.7.)

The disqualification of Government counsel is a "drastic measure and a court should hesitate to impose it except where necessary." United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003) (citing Bullock v. Carver, 910 F. Supp. 551, 559 (D. Utah 1995)); In re Grand Jury Subpoena of Rochon, 873 F.2d 170, 176 (7th Cir. 1989). The basis for disqualifying an Assistant United States Attorney must be "very strong." United States v. Heldt, 668 F.2d 1238, 1276–77 n.80 (D.C. Cir. 1981). Accordingly, courts have found disqualification of government counsel warranted in limited circumstances. See, e.g., Young v. United States, 481 U.S. 787, 807 (1987) (finding an actual conflict of interest because the appointed prosecutor also represented another party); United States v. Prantil, 764 F.2d 548, 552-53 (9th Cir. 1985) (finding recusal necessary when there was a compelling need to call the participating prosecutor as a material witness).

Prosecutors are "traditionally accorded wide discretion . . . in the enforcement process." Marshall v. Jerrico, Inc., 446 U.S. 238, 248 (1980). However, it is inappropriate for lawyers to serve as prosecutors when they have "an axe to grind against the defendant, as distinguished from the appropriate interest that members of society have in bringing a defendant to justice with

5

respect to the crime with which he is charged." Wright v. United States, 732 F.2d 1048, 1056 (2d. Cir. 1984).

Petitioner has not provided a legal basis for disqualifying the AUSA from his habeas proceeding. The crux of Petitioner's two-page Motion is that an "allegation of 'prosecutorial misconduct' in any form against trial prosecutors" requires the accused prosecutor to withdraw from a § 2255 proceeding because the "assigned prosecutor could retaliate against the defendant and say anything to weasel his way out of the misconduct error." (Id.) Petitioner has not sufficiently established that the mere inclusion of allegations against prosecutors, based on actions in their official capacity in his underlying criminal case, preclude them from participating in the habeas proceeding. See U.S. v. Heldt, 668 F.2d 1238, 1277 n.80 (D.C. Cir. 1981) ("The potential conflict of interest that might result from a personal civil suit filed against an Assistant United States Attorney (AUSA) by a defendant in a criminal case for acts undertaken by the AUSA in his official capacity in the criminal matter would have to be very strong before disqualification would be justified. It could not be justified by mere inference from the filing of the suit but would require proof, by clear and convincing evidence, of a prima facie case of misconduct on the part of the AUSA."). Petitioner's argument is

speculative, and without more, he fails to establish that disqualification is necessary.

The Court also notes that, as stated above, Judge Kobayashi issued an Order denying Petitioner's motion to recuse the undersigned judge—who presided over Petitioner's underlying case—from Petitioner's § 2255 proceeding. (Doc. # 335.) Indeed, Rule 4(a) of the Rules Governing § 2255 Habeas Proceedings for United States District Courts directs that a habeas petition "be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him." It necessarily follows that an AUSA who handled a habeas petitioner's underlying criminal case may also participate in the habeas proceeding, especially as standards of neutrality for prosecutors are not as stringent as those applied to judicial officers. See Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 810 (1987); Marshall v. Jerrico, Inc., 446 U.S. 238, 248 (1980) ("Prosecutors need not be entirely 'neutral and detached,' . . . In an adversary system, they are necessarily permitted to be zealous in their enforcement of the law."). In sum, the Court concludes that there is no basis for disqualification. Accordingly, Petitioner's Motion to withdraw the assigned prosecutors is DENIED.

II.   Stay Pending Resolution of Motion to Recuse Judge

Petitioner's Motion also requests that the § 2255 proceeding be "held in abeyance until a disposition is rendered as to his Motion to recuse judge and complaint AGAINST THE JUDGE." (Id.)  However, as stated above, Judge Kobayashi issued an Order on November 15, 2011 denying Petitioner's Motion for Recusal of Judge. (See Doc. # 335.)  Also, on February 16, 2012, the Ninth Circuit issued an Order dismissing Petitioner's Appeal of the Order denying his Motion for Recusal of Judge for lack of jurisdiction. (Doc. # 348.)  Therefore, Petitioner's request that the § 2255 proceeding be "held in abeyance" is DENIED as moot.

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's Motion. (Doc. # 332.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2012.



_____
David Alan Ezra
United States District Judge

Galindo v. United States, CV. NO. 11-00601 DAE-KSC; CR. NO. 04-00053 DAE; ORDER DENYING MOTION TO WITHDRAW ASSIGNED PROSECUTORS